NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

ALEXANDRA K. *Intervenor/Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, I.G., *Defendants/Appellees.*

No. 1 CA-JV 16-0340
FILED 3-14-2017

---

Appeal from the Superior Court in Maricopa County
No. JD527122
The Honorable Karen L. O'Connor, Judge

**VACATED AND REMANDED**

---

COUNSEL

McCarthy Weston, PLLC, Flagstaff
By Phillip (Jay) McCarthy Jr.
*Counsel for Intervenor/Appellant*

Arizona Attorney General's Office, Mesa
By Ashlee N. Hoffmann
*Counsel for Defendant/Appellee Department of Child Safety*

―――――――――――――――

**MEMORANDUM DECISION**

Chief Judge Michael J. Brown delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge James P. Beene joined.

―――――――――――――――

**B R O W N**, Chief Judge:

¶1          Alexandra K. ("Appellant") challenges the juvenile court's order denying her motion for change of physical custody of I.G.  Appellant argues the court erred when it failed to apply the Indian Child Welfare Act ("ICWA") in ruling on her motion, and specifically, in determining a permanent adoptive placement for I.G.  The Department of Child Safety ("DCS") concedes the error.  For the following reasons, we vacate the court's order and remand for further proceedings.

¶2          In 2013, DCS removed I.G. (born in 2012) from her parents' custody and placed her in foster care.  I.G.'s mother later gave birth to another child who was adopted by Appellant through a private adoption arrangement.  In August 2015, Appellant filed a motion in I.G.'s dependency/termination proceedings to intervene/change physical custody and suggested that the proceedings were subject to ICWA.  Explaining that DCS had confirmed ICWA was not applicable, and concluding intervention was neither timely nor justified, the juvenile court denied the motion.

¶3          Shortly thereafter, the juvenile court granted DCS's motion to terminate I.G.'s parent-child relationship.  In addressing best interests, the court acknowledged I.G.'s parents' request that I.G. be "transitioned to another placement and adopted by [Appellant]," but determined an evidentiary hearing was needed to determine the best placement for I.G.  And, reversing its prior ruling, the court allowed Appellant to intervene "for the purpose of determining [I.G.'s] permanent placement."

¶4          After her parental rights were terminated, I.G.'s mother enrolled with the Navajo Nation, rendering I.G. eligible for enrollment. The juvenile court then granted Appellant's subsequent unopposed motion to designate the dependency proceeding as an ICWA case and conducted a three-day evidentiary hearing to evaluate Appellant's motion for change of physical custody and oral request to determine I.G.'s permanent adoptive placement.  The court heard testimony from Appellant, the current

placement, two expert witnesses, and a representative of the Navajo Nation. In denying Appellant's request to change physical custody, the juvenile court found that because I.G.'s mother did not enroll with the Navajo Nation until after her parental rights were terminated, applying ICWA at that stage of the proceedings was untimely, citing *Gila River Indian Cmty. v. Dep't of Child Safety*, 240 Ariz. 385 (App. 2016) (review granted Feb. 14, 2017). After Appellant appealed, the juvenile court granted her request to stay the adoption of I.G. by the current placement pending the outcome of this appeal.

**¶5** It is undisputed that I.G. is an Indian child because she is eligible for enrollment with the Navajo Nation. As a result, in the absence of good cause, all placement decisions in the ongoing dependency must comply with the ICWA placement preferences listed under 25 U.S.C. § 1915(a). *See Coconino County Juv. Action No. J-10175*, 153 Ariz. 346, 349 (App. 1987) ("Once it is determined that a dependency proceeding involves an Indian child, the judge *must*, in the absence of good cause to the contrary, follow the provisions of [ICWA].").

**¶6** Recognizing "that there is no resource that is more vital to the continued existence and integrity of Indian tribes than their children," 25 U.S.C. § 1901(3), ICWA establishes "minimum Federal standards for the removal of Indian children from their families and the placement of such children in foster or adoptive homes which will reflect the unique values of Indian culture." 25 U.S.C. § 1902. ICWA "is based on the fundamental assumption that it is in the Indian child's best interest that its relationship to the tribe be protected." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 50, n. 24 (1989) (quoting *Pima Cnty. Juv. Action No. S–903*, 130 Ariz. 202, 204 (App.1981)). ICWA mandates that for adoptive placements "of an Indian child under State law, a preference shall be given, *in the absence of good cause to the contrary*, to a placement with (1) a member of the child's extended family; (2) other members of the Indian child's tribe; or (3) other Indian families." 25 U.S.C. § 1915(a) (emphasis added).

**¶7** Although the juvenile court agreed with counsel that ICWA applied in determining I.G.'s permanent adoptive placement, the court nonetheless determined that injecting ICWA at this late stage of the proceedings would be "untimely," relying on *Gila River Indian Cmty.*, 240 Ariz. at 390-91, ¶¶ 17-18. That case, however, involved only the question of whether the Community was entitled to transfer a dependency proceeding to its tribal children's court after parental rights had been terminated. *Id.* at 389, ¶ 11. Referencing the plain language of the ICWA provision relied on by the Community, we held that ICWA does not allow

jurisdiction to be transferred after parental rights have been terminated. *Id.* at 392, ¶ 21. Nothing in our decision, however, suggested that ICWA's adoption placement preferences set forth in 25 U.S.C. § 1915(a) are no longer effective after termination of parental rights. Thus, even though the present case did not trigger ICWA compliance until after termination of the rights of I.G.'s parents, the juvenile court is obligated to apply ICWA's adoptive placement preferences.

¶8 In light of the authorities cited above, and given DCS's concession of error, we conclude that the juvenile court erred when it declined to apply ICWA in evaluating Appellant's request that the court consider an alternative adoptive placement. We therefore vacate the juvenile court's order denying Appellant's motion for change of physical custody and remand for further proceedings, directing the juvenile court to apply ICWA in determining an adoptive placement for I.G.



4